The plea of the general issue is waived by that of payment.

*JUDICE'S HEIRS* vs. *BRENT.*

APPEAL from the court of the fifth district.

MARTIN, J. delivered the opinion of the court. The defendant resists the claim of the plaintiffs to the price of a tract of land sold him by their ancestor, on the plea of the general issue; the invalidity of the act of sale, which is under private signature, and does not appear to have been made in the requisite number of originals; a deficiency in the number of arpents; he also offered a claim to a set-off or compensation, and claimed credit for a partial payment. The plaintiffs had judgment, and he appealed.

He has first drawn our attention to a bill of exceptions to the opinion of the district court, who rejected oral testimony of the adverse title of a person who, it is said, justly claims a considerable portion of the premises.

We think the district court did not err, as it was not charged that there was any eviction or suit.

On the merits, the plea of the general issue is waived by the plea of payment; and the admission that a sale took place resulting from this plea, the claim for a deficiency in quanti-

ty, the consequent admission of possession un- Western Dist
*Sept.* 1827.

JUDICE'S
HEIRS
*vs.*
BRENT. der the sale, afford evidence, which, added to that which *prima facie* results from the act, sufficiently strengthen and validate it.

It is not contended that the tract sold to the defendant does not physically contain the quantity of land sold, but that a third party has a better title to a part of it than the vendor, and is consequently in civil possession of it. Did this title extend to the whole tract, the circumstance would not authorise the vendor to retain the price; therefore the partial claim cannot enable him to demand a reduction.

The court disallowed every part of the compensation or set-off claimed, being of opinion it was not proven or was barred by prescription.

The account offered by the defendant is composed of three items.

The first is of $500, claimed for professional services during five years, from Oct. 20th, 1813, to the same day, 1818, at $100 per year. A contract is proved, but the court sustained the plea of prescription, and disallowed the item.

According to the act of sale, the defendant became a debtor of one half of the price on the last day of March 1820. At that period, the

estern Dis
*Sept.* 1827

JUDICE'S
HEIRS
*vs.*
BRENT.

annual claim of $100 for his services, due on the 20th of October, 1814, 1815, and 1816, was barred by the plea of prescription of three years; *Morse* vs. *Brand*, vol 2. But the claims payable on the 20th of Oct. 1817 and 1818 anihilated for $200 the claim of the plaintiff's ancestor for the first half of the price which became due on the 20th of October 1820.

The second item in the account is totally unsupported by evidence, and was correctly rejected.

The third item is for $150, the price of a horse sold by the defendant to the plaintiff's ancestor.

They contended he purchased that horse, as agent for his sister-in-law, Pelagie Chretien; but this allegation is unsupported, or rather contradicted by the testimony.

The witness attests the purchase by the plaintiff's ancestor, and states his belief that the animal was for this lady. He does not say that this circumstance was mentioned at the time of the sale, nor does he give the ground of his belief. We think this item was erroneously rejected.

It is therefore ordered, adjudged and decreed, that the judgment of the district court

be annulled, avoided and reversed, and that the plaintiffs recover from the defendant, the sum of eighteen hundred and fifty dollars, with interest at five per cent on seven hundred and fifty dollars from the 31st of May, 1820 to the same day, 1821; and from this last day till payment on the whole sum, with costs in the district court; but that they pay costs in this court.

*Baker* for the plaintiffs, *Simon* for the defendant.